PASCH v. PASCH.

DIVORCE—EXTREME CRUELTY—EVIDENCE.
    Decree of divorce on ground of extreme cruelty *held*, sustained by evidence, in view of trial court's advantage of having seen and heard witnesses testify and his better position to determine to whom to give credence.

Appeal from Clinton; Searl (Kelly S.), J. Submitted August 29, 1935. (Docket No. 128, Calendar No. 38,546.) Decided October 11, 1935.

Bill by Esther K. Pasch against Fred W. Pasch for a divorce on grounds of extreme cruelty and non-support. Decree for plaintiff. Defendant appeals. Affirmed.

*Edward W. Fehling,* for plaintiff.

*Clement M. Pang,* for defendant.

Edward M. Sharpe, J.   This case was brought here
on appeal by the defendant to review a decree grant-
ing a divorce from the bonds of matrimony to the
plaintiff upon her bill of complaint.   The parties
were married on July 22, 1931, and lived together
as husband and wife until the latter part of July,
1934.   Plaintiff filed her bill for divorce on Janu-
ary 21, 1935, alleging extreme cruelty and failure to
support.   The facts in this case show that the par-
ties have no children; and that prior to and after
her marriage plaintiff was employed as a bookkeeper
at a garage in the city of St. Johns, while defendant
was a carpenter by trade.   Plaintiff charges in her
bill that in November, 1934, defendant called upon
her at the garage and during a quarrel struck her
in the face with his fists, knocked her down upon the
floor and cracked off a tooth; and that during the
winter of 1933–1934 while the parties lived at the
home of plaintiff's parents, the defendant would
beat plaintiff on an average of once every two or
three weeks.   Plaintiff also charges that for two
years defendant refused and neglected to provide
and maintain a home for her.   On the other hand,
defendant did not file a cross-bill but alleges in his
answer that plaintiff went out on a petting party
and upon another occasion went to South Bend, Indi-
ana, for a car; and that upon numerous occasions
she stayed out late at night.   The record shows that
during the four years immediately preceding the
filing of the bill for divorce, defendant earned at his
trade approximately $1,700 and this money was
largely used for his own individual support; and
that during this time plaintiff was earning a suffi-

cient amount to support herself. It is admitted on the part of defendant that he struck plaintiff when they were together in the garage and in our opinion there was no justification for this attack upon plaintiff. There were other acts of violence which plaintiff testified defendant committed upon her person, and while we do not approve of the actions of plaintiff in going for a moonlight ride with a man other than her husband even though another couple was present, yet we cannot find that there was anything of an immoral nature occurring upon this occasion.

In this cause there was testimony produced by plaintiff which, if believed, would justify the court in granting her a divorce. We are not able to say that she is unworthy of belief, rather we are of the opinion that the acts of violence complained of justified the trial court in granting a decree of divorce. Moreover, this conclusion is fortified by the action of the trial court who, as we have often times said, had the advantage of having seen and heard the witnesses testify and who was in a better position to determine which of the witnesses was giving a more correct version of the acts which caused the institution of the divorce proceedings.

Decree affirmed, with costs to plaintiff.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.